UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| FRANSHON THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 4:10-CV-61 RM |
|  | ) |  |
| UAW LOCAL 2317, | ) |  |
|  | ) |  |
| Defendant | ) |  |

OPINION and ORDER

Franshon Thomas alleges in his *pro se* complaint that UAW Local 2317 engaged in race discrimination, in violation of Title VII, 42 U.S.C. § 2000e-2(c), and 42 U.S.C. § 1981, when it didn't pursue his grievance relating to the termination of his employment at Fairfield Manufacturing Company. The Union has filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which allows a party to move for judgment after a complaint and an answer have been filed. Briefing is complete.

When considering a motion for judgment on the pleadings, the court must view all factual allegations of the complaint in the light most favorable to the nonmoving party (here, Mr. Thomas) and must further draw all reasonable inferences in his favor. Kiddy-Brown v. Blagojevich, 408 F.3d 346, 355 (7th Cir. 2005); R.J. Corman Derailment Servs., LLC v. International Union of Operating Eng'rs, Local Union 150, AFL-CIO, 335 F.3d 643, 647 (7th Cir. 2003). Pro se complaints, like the one filed by Mr. Thomas, are to be "liberally construed" and

"held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Only when it appears beyond a doubt that [Mr. Thomas] cannot prove any facts to support a claim for relief and the [Union] demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).

*Title VII Claim*

The Union first says the statute of limitations bars Mr. Thomas' Title VII claim. To be timely, a charge of discrimination must be filed with the EEOC within 180 days or with an appropriate state or local agency within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e). The Union says Mr. Thomas' employment with Fairfield Manufacturing ended on March 19, 2008 and the Union told Mr. Thomas of its decision to withdraw his grievance relating to the termination of his employment by way of a letter dated June 4, 2009, delivered to Mr. Thomas' residence the following day. *See* Deft. Memo., Exh. 1 (Exhs. A & B). Thus, the Union says, Mr. Thomas' charge of discrimination needed to be filed with the EEOC by December 2, 2009 or with the state agency by April 1, 2010. Mr. Thomas filed his complaint with the Indiana Civil Rights Commission on April 22, 2010. *See* Deft. Memo., Exh. 3.

The filing of a timely complaint with the EEOC is a prerequisite to suit. 42 U.S.C. § 2000e-5(e); Beckel v. Wal-Mart Assocs., Inc., 301 F.3d 621, 622-623 (7th

2

Cir. 2002). While the exhaustion of administrative remedies doesn't constitute an absolute jurisdictional prerequisite to bringing suit, Mr. Thomas hasn't argued that waiver, estoppel, or equitable tolling apply here. Gibson v. West, 201 F.3d 990, 993-994 (7th Cir. 2000). He only responds that he "may have filed with the [EEOC] late." The Union has presented evidence that Mr. Thomas received notice on June 5 of its decision to not pursue his grievance, and Mr. Thomas hasn't challenged the Union's reliance on the June 5th date or presented any evidence to the contrary. *See* Konen v. International Bhd. of Teamsters, 255 F.3d 402, 406 (7th Cir. 2001) (claim "accrues from the time a final decision on [his] grievance has been made or from the time [he] discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance").

Mr. Thomas' EEOC filing was untimely, so his Title VII claims against the Union are barred and the Union is entitled to judgment on Mr. Thomas' Title VII claims.

*42 U.S.C. § 1981 Claim*

"Section 1981 claims are not subject to the same charge-filing requirements as Title VII claims," Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 551 n.13 (7th Cir. 2002), so Mr. Thomas' untimely EEOC filing doesn't affect his claims under 42 U.S.C. § 1981. To state a claim of race discrimination against the Union, Mr. Thomas must allege that (1) his employer violated the collective

3

bargaining agreement between the Union and the employer; (2) the Union breached its own duty of fair representation by letting the breach go unrepaired; and (3) the Union's actions were motivated by racial animus. Greenslade v. Chicago Sun–Times, Inc., 112 F.3d 853, 866 (7th Cir. 1997).[1] Mr. Thomas' complaint doesn't contain the required allegations. His only claims are that the Union didn't represent him "like they do other white employees" and he wasn't "given [an] arbitration like other white employees." Compl., at 2. The complaint contains no allegation of any breach of the collective bargaining agreement by Fairfield Manufacturing.

The Union argues that even if Mr. Thomas were allowed to amend his complaint, he couldn't set forth facts that would allow him to prevail on the first prong of his claim. According to the Union, the court's decision in Cause No. 4:08-CV-96, Franshon D. Thomas v. Fairfield Manufacturing Company, precludes a finding that Fairfield Manufacturing breached the collective bargaining agreement with respect to Mr. Thomas, and the judgment entered in Cause No. 4:08-CV-96 prevents Mr. Thomas from relitigating his claim of wrongful termination in this case. The Union also says that Mr. Thomas' only claim for relief in this litigation – that he be afforded an arbitration hearing to address the termination of his

---

[1] While the analysis in Greenslade was based on a claim under Title VII, Mr. Thomas' claims under 42 U.S.C. § 1981 are analyzed in the same manner. *See* Bennett v. Roberts, 295 F.3d 687, 697 (7th Cir. 2002) ("The same standards governing liability under Title VII apply to § 1981 claims."); Johnson v. City of Fort Wayne, Ind., 91 F.3d 922, 940 (7th Cir. 1996) ("Although section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical.").

employment with Fairfield Manufacturing – is not available as a matter of law because arbitration against the company would be futile.

Mr. Thomas alleged in his complaint in Cause No. 4:08-CV-96 that Fairfield Manufacturing wrongfully terminated him "while out on FMLA" and in retaliation for filing suit against the company. Even though Mr. Thomas indicated on his form complaint that his claims against the company were based solely on a violation of 42 U.S.C. § 1981, the court considered Mr. Thomas' claims as having been brought under Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, as well. *See* Dec. 19, 2009 Op. and Ord. (Cause No. 4:08-CV-96), at 2. Contrary to Mr. Thomas' contention that his complaint against Fairfield Manufacturing was dismissed because he didn't have an attorney to represent him, the court construed the complaint broadly and considered the merits of his claims that the company had discriminated against him based on race, had retaliated against him for having filed a lawsuit against it in 2007, had discriminated and retaliated against him for taking FMLA leave, and had interfered with his rights under the FMLA by firing him instead of granting him leave. The relevant portion of the decision reads as follows:

> By not providing any facts in support of his racial discrimination claims or his retaliation claims based on the former lawsuit he filed against Fairfield, Thomas essentially abandoned these claims. In any event, having reviewed the record and viewing the facts in the light most favorable to Thomas, he cannot establish that similarly situated unprotected employees were treated more favorably than he was treated, nor can he show a casual connection between his termination and his race or his history of claims against Fairfield. His failure to establish specific facts (under either the indirect or

> direct methods of proof) showing that there is a genuine issue for trial as to his Section 1981 or Title VII claims mandates summary judgment.
>
> So, too, Thomas is unable to produce evidence that Fairfield terminated him on account of his using FMLA leave time to which he was entitled. The undisputed facts show that despite having many unexcused absences through his tenure, Thomas was frequently granted FMLA leave time until Fairfield honestly suspected him of using the time to attend criminal proceedings. Thomas' use of FMLA leave time was not a motivating factor for his termination. Any claim that Fairfield engaged in unlawful retaliation under the FMLA, or interfered with FMLA leave which Thomas was entitled to, fails as a matter of law.

Dec. 15, 2009 Op. and Ord. (Cause No. 4:08-CV-96), at 17-18. The judgment against Mr. Thomas in Cause No. 4:08-CV-96 became final when Mr. Thomas didn't file an appeal. *See* FED. R. APP. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district court within 30 days after the judgment or order appealed from is entered.").

The Union says the court's conclusion in Cause No. 4:08-CV-96 that Fairfield Manufacturing didn't discriminate or retaliate against Mr. Thomas in connection with the company's termination of his employment precludes Mr. Thomas from establishing that the company breached the collective bargaining agreement. The court can't agree. Mr. Thomas' claims against Fairfield Manufacturing didn't include one for breach of the collective bargaining agreement, and because the applicable agreement isn't part of this record, the court can't conclude that the findings and conclusions in Cause No. 4:08-CV-96 establish that Fairfield Manufacturing didn't breach the collective bargaining agreement.

6

Mr. Thomas says he's seeking "the opportunity to obtain representation in arbitration with Fairfield Manufacturing," (Nov. 10, 2010 letter from Mr. Thomas to defense counsel Jeffrey Macey [Doc. No. 13]), and he claims in response to the Union's dismissal motion that he believes his case "is winnable." But because Mr. Thomas hasn't identified the issue(s) he seeks to pursue via arbitration or identified the provision of the collective bargaining agreement that would allow him to proceed to arbitration against Fairfield Manufacturing now, the court can't say, based on the current record, that there is no set of facts that would entitle him to relief. *See* AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986) ("[T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination."); *see generally* Taylor v. Sturgell, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not the litigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."); Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW, 97 F.3d 155, 159 (6th Cir. 1996) ("Arbitrators are not free to ignore the preclusive effect of prior judgments under the doctrines of res judicata and collateral estoppel."); Collins v. D.R. Horton, Inc., 361 F. Supp.

2d 1085, 1097 (D.Ariz. 2005) ("The reasons for requiring arbitrators to apply res judicata and collateral estoppel are the same as those underlying the doctrines themselves – finality, protection of judgments, prevention of duplicative litigation, and avoidance of inconsistent results."); *cf.* Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 400-401 (2d Cir. 2011) ("While Chevron would be collaterally estopped from relitigating issues already decided by the district court in granting Texaco's motion to dismiss, nothing in the record demonstrates that Chevron has asked the arbitral panel to decide any issues identical to those previously decided by the district court."). The Union isn't entitled to the judgment it seeks on Mr. Thomas' § 1981 claims.

*Conclusion*

The court GRANTS in part and DENIES in part the Union's motion for judgment on the pleadings [Doc. No. 19] as follows:

    (a) the motion is GRANTED with respect to Mr. Thomas' claims under Title VII; and

    (b) the motion is DENIED with respect to Mr. Thomas' claims under 42 U.S.C. § 1981.

The court further DISMISSES Mr. Thomas' complaint because, as discussed above, the allegations of the complaint are insufficient to state a claim of race discrimination against the Union under 42 U.S.C. § 1981. *See* Ray v. City of Chicago, 629 F.3d 660, 662-663 (7th Cir. 2011) ("While the federal pleading

standard is quite forgiving, our recent decisions have emphasized that 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (*quoting* Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010), *citing in turn* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009))). Mr. Thomas is AFFORDED to and including July 5, 2011 to file an amended complaint. If no amended complaint is filed by that date, judgment will be entered against Mr. Thomas.

SO ORDERED.

ENTERED:  June 16, 2011 

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: F. Thomas
J. Macey, N. Macey